# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

In Re: JOSEPH BROOKS, JR. ) CASE NO. 16-01456-TOM13
      MARY W. BROOKS )
       )
      DEBTORS(s) )
       )

## TRUSTEE'S NOTICE OF FINAL CURE PAYMENT

COMES NOW Bradford W. Caraway, Chapter 13 Standing Trustee, and files this Notice pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f).

1. The Trustee provides notice that the Debtor has paid in full the amount required to cure the default on the claim(s) listed below:

| Creditor | Claim No. | Account No. (Last 4 Digits) | Amount of Claim | Amount Disbursed |
|---|---|---|---|---|
| U S BANK TRUST NA | 025B | 5010 | $7,535.68 | $7,535.68 |

2. The ongoing monthly mortgage payments have been paid to the mortgage creditor(s) pursuant to the Confirmation Order or other Order of the Court:

   X   Direct by the Debtor.

   ___   As continuing monthly payments through the Chapter 13 Trustee for the following claims:

| Creditor | Claim No. | Account No. (Last 4 Digits) |
|---|---|---|
| | | |

   ___   There were no ongoing monthly mortgage payments during this Chapter 13 case. The full-balance proof of claim filed by the mortgage creditor was paid in full through the Chapter 13 Trustee pursuant to the Confirmation Order or other Order of the Court.

3. Based upon the status of this Chapter 13 case, the Trustee will stop paying the continuing monthly mortgage payments identified in Paragraph 2 above, if any, as of the date of this Notice. Unless the Bankruptcy Court orders differently, the Debtor should resume these monthly mortgage payments directly to the mortgage creditor, if and when the next payment is contractually due.

4. Pursuant to Federal Rule of Bankruptcy Procedure 3002.1(g), within 21 days after service of this Notice, the holder of the above-listed claims shall file and serve on the Debtor, Debtor's counsel, and the Trustee a statement indicating (1) whether it agrees that the Debtor has paid in full the amount required to cure the default on the claim(s), and (2) whether the Debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or post petition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f). If the mortgage creditor does not file a timely statement pursuant to Rule 3002.1(g), the Trustee may proceed with his case closing procedures and the Court may enter a discharge.

5. If the mortgage creditor files a timely response under Rule 3002.1(g) which states that the default has not been cured and the payments are not current, the Debtor may file a motion to determine final cure and payment under Rule 3002.1(h). If the Debtor does not file such a motion within 21 days of the mortgage creditor's response, the Trustee may proceed with his case closing procedures and the Court may enter a discharge without determining whether the Debtor has cured the default or paid all required post petition amounts.

Dated: February 10, 2021

Respectfully Submitted,

/s/ Bradford W. Caraway
Bradford W. Caraway
Chapter 13 Standing Trustee
P.O. Box 10848
Birmingham, AL 35202
(205) 323-4631

# CERTIFICATE OF SERVICE

      I hereby certify that an accurate and complete copy of the above and foregoing Notice has been served via email or U.S. Mail upon the following on this date, February 10, 2021:

| | |
|---|---|
| JOSEPH BROOKS, JR.<br>731 PUEBLO TRAIL<br>BIRMINGHAM, AL 35214 | MARY W. BROOKS<br>731 PUEBLO TRAIL<br>BIRMINGHAM, AL 35214 |

THE BIDDLE LAW FIRM, PC
2100 1ST AVENUE NORTH, STE 340
BIRMINGHAM, AL 35203-0000

U S BANK TRUST NA
C/O SN SERVICING CORP
323 5TH STREET
EUREKA, CA 95501

                                                      /s/ Bradford W. Caraway
                                                      TRUSTEE

RM